UNITED STATES of America,
Plaintiff–Appellee,

v.

Howard DIXON, Defendant–Appellant.

No. 05–10726.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 12, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Hannah Horsley, Esq., Thomas P. Mazzucco, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Ronald C. Tyler, AFPD, FPDCA—Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before: HUG, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

In an evidentiary hearing before the District Court, Petitioner Howard Dixon ("Dixon") challenged the search of his vehicle by police officers conducted while he was on parole status as unsupported by reasonable suspicion, and thus sought to suppress the evidence obtained from that search. *See United States v. Knights*, 534 U.S. 112, 121, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) (holding that *"[w]hen an officer has reasonable suspicion* that a probationer subject to a search condition is engaged in criminal activity," a warrantless search does not violate the Fourth Amendment) (emphasis added). It is undisputed that the police were aware of Dixon's parole status and that Dixon's parole officer gave permission for the search. Dixon now seeks appellate review of the district court's denial of his suppression motion, and of his resulting conviction and sentence.

A Supreme Court decision issued after Dixon's appeal was filed controls our decision. In *Samson v. California*, —— U.S. ——, ——, 126 S.Ct. 2193, 2196, 165 L.Ed.2d 250 (2006), the Supreme Court held that a suspicionless search of a known parolee, conducted under the authority of the same California statute that applied to Dixon's parole, does not violate the Fourth Amendment. The California statute "provides that every prisoner eligible for release on state parole 'shall agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause.'" *Id.* (citing Cal.Penal Code Ann. § 3067(a) (West 2000)). Section 3067(a) applied to Dixon's parole because the underlying offense for his parole was committed on March 7, 2001. Cal.Penal Code § 3067(c) (providing for suspicionless searches for inmates "eligible for release on parole for an offense committed on or after January 1, 1997").

Because the Supreme Court held that even a suspicionless search of a person known by the police to be a California parolee subject to § 3067(a) does not violate the Constitution, Dixon's appeal challenging the search based on lack of reasonable suspicion must fail. *See Samson*, 126 S.Ct. at 2196. Dixon does not challenge the search as "arbitrary, capricious or harassing." *See People v. Reyes*, 19 Cal.4th 743, 80 Cal.Rptr.2d 734, 968 P.2d 445, 451 (1998) (describing conditions that would render a suspicionless parolee search under § 3067 unconstitutional), *cited by Samson*, 126 S.Ct. at 2196. Accordingly, pursuant to *Samson*, 126 S.Ct. at 2196, the denial of Dixon's suppression motion and the resulting conviction and sentence are AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.